No. DA 06-0421

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 90N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BURLY GRIMES,

Defendant and Appellant.

APPEAL FROM:  District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. 96-1541
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Burly Grimes, pro se, Deer Lodge, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

Matthew Johnson, Jefferson County Attorney, Boulder, Montana

Submitted on Briefs:  February 27, 2007

Decided:  April 3, 2007

Filed:

_____
Clerk

Chief Justice Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Burly Grimes appeals from the order of the Fifth Judicial District Court, Jefferson County, denying his March of 2006 motion to file an out-of-time appeal or second petition for postconviction relief.  We affirm.

¶3     We restate the issue as whether the District Court erred in denying Grimes' motion.

¶4      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  The issue is clearly controlled by settled Montana law.

¶5     Grimes was convicted of robbery, aggravated kidnapping and deliberate homicide, and we affirmed his conviction on direct appeal.  *See State v. Grimes*, 1999 MT 145, 295 Mont. 22, 982 P.2d 1037.  He filed a pro se petition for postconviction relief in the District Court on September 25, 2000, which the court dismissed as untimely and because Grimes had already raised the same issues on direct appeal.  He did not appeal.

¶6     Grimes now wishes to file an out-of-time appeal of his prior petition for postconviction relief or, alternatively, a second petition for postconviction relief.  He states

he would like to argue that an attorney gave him bad advice, constituting ineffective assistance of counsel, regarding the time available to file his pro se petition for postconviction relief, and that a mandatory minimum parole eligibility date and additional restrictions were improperly imposed in his sentence.

¶7      Section 46-21-203, MCA, provides that an appeal in a postconviction matter must be taken within 60 days of the entry of the order. Grimes' petition for postconviction relief was denied in November of 2000, over five years before he filed his present request for permission to file an out-of-time appeal. It is far too late for an appeal of that matter.

¶8      Further, with one exception, § 46-21-102(1), MCA, requires that a petition for postconviction relief must be filed within one year of the date the conviction becomes final. Moreover, § 46-21-105(1)(a), MCA, requires that all grounds for postconviction relief must be raised in the original or amended petition. The only exception to § 46-21-102(1), MCA, allows up to one year after discovery for a person to file a claim for postconviction relief alleging the existence of newly-discovered evidence establishing that the petitioner did not engage in the criminal conduct for which he was convicted. *See* § 46-21-102(2), MCA. Grimes has not alleged the existence of any such evidence.


¶9      We hold the District Court did not err in denying Grimes' motion to file an out-of-time appeal or second petition for postconviction relief. Affirmed.

/S/ KARLA M. GRAY

3

We concur:


/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE